IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

        Plaintiff,

        vs.                                Case No. 15-10102-JTM

Humphrey Ezekiel Etenyi,

        Defendant.

MEMORANDUM AND ORDER

The defendant Humphrey Ezekiel Etenyi is a citizen of Kenya, charged with use of wrongfully obtained documents (in violation of 18 U.S.C. § 1546(a)); unlawful production of an identification document (18 U.S.C. § 1028(a)); aggravated identity theft (18 U.S.C. § 1028A(a)(1)); refusal to depart the United States pursuant to a lawful removal order (18 U.S.C. § 1253(a)(1)(C)); and false statement to the government (18 U.S.C. § 1001(a)(2)). Following an August 4, 2015 hearing (Dkt. 14), the court granted the government's motion for reconsideration of the decision of the United States Magistrate Judge authorizing pretrial release of the defendant. (Dkt. 19).

Defendant Etenyi then filed an interlocutory appeal of this decision (Dkt. 20), and the Tenth Circuit has remanded the matter for additional findings of fact and conclusions of law with respect to the order granting revocation. *United States v. Etenyi*, No. 15-3244 (10th Cir. Nov. 23, 2015).

Defendant Etenyi entered the U.S. in 2006 as a nonimmigrant student. He has no lawful status in the United States and was ordered removed to Kenya on August 28, 2013. He appealed to the Board of Immigration Appeals (BIA), which dismissed his appeal on September 29, 2014. The

BIA subsequently denied Etenyi's request for reconsideration on February 9, 2015.

Despite the presence of a lawful order of removal, the defendant has impeded attempts by Immigration and Customs Enforcement (ICE) to effect his removal to Kenya. After arresting Etenyi on February 10, 2015, ICE has attempted to obtain travel documents from Kenya that would allow it to execute the warrant of removal. Because Etenyi has refused to assist in providing the documentation, he has remained in ICE custody until the indictment was returned in the present action.

There is evidence that Etenyi obtained a Kansas driver's license using his brother's identity and identity documents. In addition to this falsehood, there is evidence that Etenyi lied to ICE agents about where his Kenyan passport could be found.

ICE has lodged a detainer with the United States Marshals Service based on the warrant of removal. If Etenyi is released to ICE on the detainer, he could obtain immediate removal by providing valid identity documents, forcing ICE to carry out its statutory duty to remove him from the country.

On August 21, 2015, after the court's decision granting reconsideration of the Order of Release, the Eighth Circuit Court of Appeals denied Etenyi's petition for review of the BIA's dismissal of his appeal. *Etenyi v. Lynch*, 799 F.3d 1003 (8th Cir. 2015). The Eighth Circuit rejected Etenyi's argument that the BIA had erred in finding, with respect to his claim that he had not knowingly made false statements in his I-9 form, that he was not credible. 799 F.3d at 1007. The court also rejected Etenyi's argument

> that the BIA should have found that DHS did not prove by clear and convincing evidence that Etenyi made a false claim of citizenship because the Form I–9 constituted the "sole evidence" of this claim. This argument fails. When Etenyi signed the form, he adopted its contents and thus falsely represented himself as a

citizen to a potential employer. Accordingly, this Form I–9 evidence is sufficient.

*Id.*

At the August 4, 2105 hearing, the court expressed particular "concern[] about the lying to authorities [and] his having obtained a driver's license using a false name." (Dkt. 23, at 15). These concerns are well-grounded in the evidence.

By a supplemental memorandum submitted after the hearing, the government has presented information that Etenyi in various ways has "actively impeded [the] government's attempts to obtain [travel] documents" which would help effect the removal order. (Dkt. 15, at 3-4). Notably, Eteny has made no attempt to rebut these representations.

The government may seek review of a magistrate judge's order of release. *See* 18 U.S.C. § 3145(a)(1). The district court reviews an order of release *de novo*. *See United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir.2003). In conducting this review, the court grants no deference to the magistrate judge's findings. *See United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D.Kan.2002). Generally, a defendant should be released prior to trial unless there are no conditions which "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government has the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons in the community. *Lutz*, 207 F.Supp.2d at 1251.

In making this determination, the court must take into account the available information concerning the following:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including —

    A. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    B. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The existence of an ICE detainer under which a defendant will likely be deported prior to trial is an important and relevant factor in determining whether a defendant should be released from the custody of the courts. *See United States v. Mendoza-Ortiz*, No. 15-10125-JTM, 2015 WL 6393941, *2 (D. Kan. Oct. 21, 2015); *United States v. Pena-Cano*, No. 15-10068-JTM (D. Kan. June 17, 2015). The existence of such a detainer, in conjunction with actions which go beyond merely remaining in the United States illegally (such as engaging in identity theft), are considerations which may support the continued detention of a defendant. *See Mendoza-Ortiz*, 2015 WL 6393941, at *3.

Applying the relevant factors § 3142(g), the court finds that Etenyi is not charged with a crime of violence, and does not reflect a danger to the community. The court finds, however, that the evidence against the defendant appears to be particularly strong. Moreover, the history and characteristics of the defendant strongly support continued detention. The defendant has exhibited a lack of credibility with respect to his representations to the courts. The evidence submitted to the court indicates that he has engaged in identity theft, and has knowingly refused to comply with his

legal requirements for obtaining travel documents to support the removal order.

Given the evidence against him, the defendant faces the likelihood of conviction in the event of trial, with deportation following immediately upon the execution of any sentence imposed. On balance, the evidence establishes a strong likelihood that, in the absence of continued detention, the defendant will avoid a trial on the charged offenses by obtaining deportation prior to trial. The defendant's falsehoods support the determination that no conditions short of continued detention are likely to ensure his appearance at trial.

IT IS SO ORDERED this 15th day of December, 2015.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE